USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/30/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
ROBIN A. ARGENTI,

                Plaintiff,

-against-

ANDREW M. SAUL, COMMISSIONER OF
SOCIAL SECURITY,

                Defendant.

18 Civ. 9345 (AT) (BCM)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiff, Robin A. Argenti, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").[1] *See* Compl., ECF No. 1. The parties cross-moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). ECF Nos. 16, 20. On February 28, 2020, the Honorable Barbara C. Moses issued a Report and Recommendation ("R&R"), which recommends that (1) the Court grant the Commissioner's motion, deny Plaintiff's motion, and dismiss this case. R&R at 1, ECF No. 23. Plaintiff filed objections to the R&R. Pl. Obj., ECF No. 24. On due consideration, Plaintiff's objections are OVERRULED and the R&R is ADOPTED.

## BACKGROUND[2]

    Plaintiff filed an application for DIB on September 19, 2014, followed by an application for SSI on October 9, 2014, both alleging disability since April 1, 2013, due to multiple mental

---

[1] Andrew M. Saul, having been appointed Commissioner of the Social Security Administration, is substituted for Acting Commissioner Nancy A. Berryhill, pursuant to Federal Rule of Civil Procedure 25(d).
[2] The Court presumes familiarity with the facts as detailed in the R&R, *see* R&R at 1–27, and does not summarize them in full here.

and physical conditions including depression, posttraumatic stress disorder, fibromyalgia, enlarged liver, diabetes, nodules on her thyroid and lung, irritable bowel syndrome ("IBS"), kidney stones, and "digestive issues." R&R at 1. On February 18, 2015, Plaintiff submitted a request for a hearing before an Administrative Law Judge ("ALJ"). *Id.* at 2. On December 16, 2016, Plaintiff appeared, with counsel, before ALJ Robert Gonzalez. *Id.*

ALJ Gonzalez considered Plaintiff's medical history, consisting of medical evidence and opinion evidence. *Id.* at 4–18. Medical evidence included Plaintiff's medical records, detailing treatment she had received for her physical and mental impairments. *Id.* at 4–14. Opinion evidence was comprised of reports and records from Plaintiff's doctors: Michael Muschel, M.D., a cardiologist, *id.* at 8, 14–15; Greg Grabon, M.D., a physiatrist, *id.* at 15–16; Michael Finck, M.D., a gastroenterologist, *id.* at 7, 16–17, Boris Lavotshkin, M.D., a primary care physician, *id.* at 6, 17–18, and Paul Gordon, M.D. and Eric Weissman, M.D., both psychiatrists, *id.* at 13, 14, 18.

At the hearing, the ALJ heard testimony from Plaintiff and vocational expert Millie McCallum Droste. *Id.* at 18, 21. Plaintiff testified that she was 53 years old, had been living alone, would drive only when necessary to go to medical appointments or the market, and sometimes cooked her own meals, but often found it difficult to stand, so she would "just throw something in the microwave." *Id.* at 18–19. She also testified regarding her physical ailments, which include, *inter alia*, suffering from fibromyalgia, and her mental ailments, which include suffering from depression and anxiety. *Id.* at 20. Plaintiff also described certain improvements in her health including her diabetes and IBS being under control, and no longer suffering from vertigo. *Id.* at 21.

Droste classified Plaintiff's past relevant work as legal secretary and secretary, both

2

sedentary jobs. *Id.* at 21. Droste was asked a number of hypotheticals by ALJ Gonzalez and Plaintiff's counsel in order to determine what jobs, if any, would be available to a person with these hypothetical restrictions. *Id.* at 21–23. The ALJ asked Droste whether jobs exist in the national economy for an individual with Plaintiff's age, education, work experience, and residual functional capacity ("RFC"). Administrative Record ("Record") at 29, ECF No. 13-2. Droste testified that "given all of these factors the individual would be able to perform the requirements of representative occupations" such as: marker, router, routing clerk, and stock checker. *Id.*

By written decision, dated August 18, 2017, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act (the "Act"). R&R at 2. In the decision, the ALJ correctly set forth the five-step sequential evaluation process used pursuant to 20 C.F.R. §§ 404.1520(a) and 416.920(a) to determine whether Plaintiff is disabled within the meaning of the Act:

> First, the Commissioner considers whether the claimant is currently engaged in substantial gainful activity. Where the claimant is not, the Commissioner next considers whether the claimant has a "severe impairment" that significantly limits her physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment that is listed in 20 C.F.R. pt. 404, subpt. P, app. 1. . . . Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, she has the residual functional capacity to perform her past work. Finally, if the claimant is unable to perform her past work, the burden then shifts to the Commissioner to determine whether there is other work which the claimant could perform.

*Jasinski v. Barnhart*, 341 F.3d 182, 183–84 (2d Cir. 2003) (citation omitted).

The ALJ determined that Plaintiff had the RFC "to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) except she can understand, remember, and carry out simple work and adapt to routine workplace changes." R&R at 26 (alteration and citation omitted). At step five of the inquiry, the ALJ found, based on the jobs identified by Droste, that there were jobs "that exist in significant numbers in the national economy that the claimant can perform." *Id.* at 27

(quoting Record at 30).  The ALJ, therefore, found that Plaintiff was not disabled for the purposes of the Act.  After appealing, the Appeals Council denied Plaintiff's request, rendering the ALJ's determination final.  *Id.* at 2.  Plaintiff then filed this action seeking judicial review of the Commissioner's final decision.  ECF No. 1.

## DISCUSSION

I. Standard of Review

  A. Report and Recommendation

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  When a party makes specific objections, the court reviews *de novo* those portions of the report and recommendation that have been properly objected to.  *Id.*; Fed. R. Civ. P. 72(b)(3).  However, "when a party makes only conclusory or general objections, or simply reiterates his original arguments," the court reviews the report and recommendation strictly for clear error.  *Wallace v. Superintendent of Clinton Corr. Facility*, No. 13 Civ. 3989, 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014).  Objections "must be specific and clearly aimed at particular findings in the magistrate judge's proposal."  *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009) (internal quotation marks and citation omitted); *see also Bailey v. U.S. Citizenship & Immigration Serv.*, No. 13 Civ. 1064, 2014 WL 2855041, at *1 (S.D.N.Y. June 20, 2014) ("[O]bjections that are not clearly aimed at particular findings in the [report and recommendation] do not trigger *de novo* review.").  The court may adopt those portions of the report and recommendation to which no objection is made "as long as no clear error is apparent from the face of the record."  *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (internal quotation marks and citation omitted).

B. Social Security Appeal

"This Court's review of an appeal of a denial of disability benefits is limited to two inquiries." *Martinez v. Comm'r of Soc. Sec.*, No. 17 Civ. 10253, 2019 WL 1236324, at *3 (S.D.N.Y. Mar. 18, 2019). "First, the Court must determine whether the Commissioner applied the correct legal principles in reaching a decision." *Id.* (citation omitted). "Second, the Court must decide whether the Commissioner's decision is supported by substantial evidence in the record." *Id.* (citation omitted). Courts "conduct a plenary review of the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision and if the correct legal standards have been applied." *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) (quoting *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008)). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (per curiam) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "If evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld." *McIntyre*, 758 F.3d at 149.

II. <u>Plaintiff's Objections</u>

The R&R recommends that the Court: (1) grant the Commissioner's motion for judgment on the pleadings; (2) deny Plaintiff's cross-motion for judgment on the pleadings; and (3) dismiss the case. R&R at 42. Plaintiff generally objects to Judge Moses' R&R, "in particular Section V" and argues that upon *de novo* review, "it should not be adopted." Pl. Obj. at 2. Plaintiff contends that the ALJ erred in properly evaluating (1) Plaintiff's fibromyalgia; (2) the opinions of Plaintiff's treating doctors; (3) Plaintiff's subjective symptom testimony; and (4) Plaintiff's RFC. *Id.* at 2–18.

A. The ALJ's Evaluation of Plaintiff's Fibromyalgia

Objections "must be specific and clearly aimed at particular findings in the" R&R. *McDonaugh*, 672 F. Supp. 2d at 547 (internal quotation marks and citation omitted). An objection that is not "clearly aimed at particular findings" in the R&R does not "trigger *de novo* review." *Bailey*, 2014 WL 2855041, at *1. Although Plaintiff suggests that the Court should review Judge Moses' findings *de novo*, Pl. Obj. at 2, Plaintiff does not direct this Court to any particular finding made by Judge Moses with respect to the ALJ's evaluation of Plaintiff's fibromyalgia. Instead, Plaintiff focuses strictly on the ALJ's findings without citing the R&R. *See* Pl. Obj. at 2–4. Moreover, Plaintiff "does not raise a new argument" aimed at the R&R "and thus is not entitled to *de novo* review on the basis of this objection." *McDonaugh*, 672 F. Supp. 2d at 548; *see also* R&R at 39. The Court, therefore, reviews Plaintiff's objection for clear error and finds none.

In evaluating Plaintiff's fibromyalgia, the ALJ considered and credited the reports of Plaintiff's treating physicians concerning her symptoms and incorporated Plaintiff's complaints of pain. *Id.* at 40. Judge Moses determined that the ALJ's analysis comported with relevant Social Security Rulings. *Id.* As Judge Moses explains, the fact that the ALJ "ultimately found [P]laintiff 'not disabled,' despite her fibromyalgia, does not, of course, mean that he erred in evaluating her symptoms." *Id.*; *see also Prince v. Astrue*, 514 F. App'x 18, 19 (2d Cir. 2013) (affirming denial of disability benefits because although "several of [plaintiff's] conditions," including fibromyalgia, "constituted severe impairments, she still retained the [RFC] to perform unskilled light work" and was, therefore, not disabled within the meaning of the Social Security Act).

Accordingly, Plaintiff's objection that the ALJ failed to properly evaluate Plaintiff's fibromyalgia is OVERRULED.

B.  The Treating Physician Rule

A treating physician's opinion is given controlling weight if the opinion on the nature and severity of an impairment is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2). "The opinion of a treating physician is accorded extra weight because the continuity of treatment he provides and the doctor/patient relationship he develops place him in a unique position to make a complete and accurate diagnosis of his patient." *Petrie v. Astrue*, 412 F. App'x 401, 405 (2d Cir. 2011) (quoting *Monguer v. Heckler*, 722 F.2d 1033, 1039 n.2 (2d Cir. 1983) (per curiam)). "Nevertheless, '[a] treating physician's statement that the claimant is disabled cannot itself be determinative.'" *Micheli v. Astrue*, 501 F. App'x 26, 28 (2d Cir. 2012) (alteration in original) (quoting *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999)).

"An ALJ who refuses to accord controlling weight to the medical opinion of a treating physician must consider various 'factors' to determine how much weight to give to the opinion." *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004) (quoting 20 C.F.R. § 404.1527(d)(2)). "Among those factors are: (i) the frequency of examination and the length, nature and extent of the treatment relationship; (ii) the evidence in support of the treating physician's opinion; (iii) the consistency of the opinion with the record as a whole; (iv) whether the opinion is from a specialist; and (v) other factors brought to the [SSA]'s attention that tend to support or contradict the opinion." *Id.* (quoting 20 C.F.R. § 404.1527). The ALJ must set forth the reasons for the weight assigned to the treating physician's opinion. *See id.* The Second Circuit does not require

"slavish recitation of each and every factor where the ALJ's reasoning and adherence to the regulation are clear." *Atwater v. Astrue*, 512 F. App'x 67, 70 (2d Cir. 2013); *see also Halloran*, 362 F.3d at 31–32 (affirming ALJ opinion which did "not expressly acknowledge the treating physician rule," but where "the substance of the treating physician rule was not traversed").

1. Dr. Lavotshkin's Opinion

"Whether the ALJ has met his duty to develop the record is a threshold question" which the Court determines "before reviewing whether the Commissioner's final decision is supported by substantial evidence." *Craig v. Comm'r of Soc. Sec.*, 218 F. Supp. 3d 249, 261 (S.D.N.Y. 2016). Plaintiff argues that the ALJ erred in evaluating the opinion of Dr. Lavotshkin, Plaintiff's primary care physician, because the record was incomplete. Pl. Obj. at 4–5. Because Plaintiff reiterates an argument already posed to Judge Moses, *compare* Pl. Mem. at 21, ECF No. 17 *with* Pl. Obj. at 4–5, the Court reviews this objection for clear error. *Wallace*, 2014 WL 2854631, at *1 ("when a party . . . simply reiterates his original arguments," the court reviews the report and recommendation strictly for clear error.").

Here, Judge Moses found that the ALJ satisfied his duty to develop the record where, following the hearing, he requested—and received—additional treatment records from Plaintiff's providers, including from Dr. Lavotshkin. R&R at 30–31. The Court finds no error in Judge Moses' reasoning. *See Keys v. Berryhill*, 2017 WL 4324689, at *3 (W.D.N.Y. Sept. 29, 2017) (finding that ALJ satisfied duty to develop record by requesting and receiving additional reports and there was no evidence to indicate that response was incomplete).

Even if the ALJ's decision was based on a complete record, however, Plaintiff objects, contending that that the ALJ erred in weighing the evidence. Pl. Obj. at 5–8. Again, Plaintiff's arguments focus strictly on the ALJ's findings. *See id.* Plaintiff's objection ignores Judge

8

Moses' holding that the ALJ's assignment of "little" weight to Dr. Lavotshkin's opinion was justified given that his medical notes did not support his medical opinions and that although the ALJ requested clarification from Dr. Lavotshkin regarding his opinions, no such clarification was forthcoming. R&R at 35–36. Objections of this sort are general and conclusory and "would reduce the magistrate's work to something akin to a meaningless dress rehearsal." *Vega v. Artuz*, No. 97 Civ. 3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) (internal quotation marks and citation omitted). The Court reviews such objections for clear error and finds none. *See McDonaugh*, 672 F. Supp. 2d at 547.

Accordingly, Plaintiff's objection that the ALJ failed to follow the treating physician rule in evaluating the opinion of Dr. Lavotshkin is OVERRULED.

2. Dr. Muschel's Opinion

Next, Plaintiff contends that the ALJ erred in failing to follow the treating physician rule in evaluating the opinion of Dr. Muschel, Plaintiff's cardiologist. Pl. Obj. at 8. Again, Plaintiff objects to ALJ Gonzalez's findings instead of addressing Judge Moses' findings. *See id.* at 8–10. Plaintiff mentions the R&R only to note that Judge Moses questioned whether Dr. Muschel was qualified as a treating physician because he had only examined Plaintiff on one occasion prior to completing his initial report. *Id.* at 10; *see also* R&R at 37. To the extent Plaintiff objects to Judge Moses' holding that Dr. Muschel was "not a 'treating source' whose opinion was presumptively entitled to deference," R&R at 37, that objection is overruled. Under these circumstances, Dr. Muschel may not be considered a "treating source." *See* 20 C.F.R. §§ 404.1527(a)(2) ("Generally, we will consider that you have an ongoing treatment relationship with an acceptable medical source when the medical evidence establishes that you see, or have

9

seen, the source with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for your medical condition(s).").

Because Plaintiff does not make any other objections that are "specific and clearly aimed at particular findings in the magistrate judge's proposal," *McDonaugh*, 672 F. Supp. 2d at 547, Plaintiff's remaining arguments regarding the ALJ's evaluation of Dr. Muschel's opinion are overruled.

Accordingly, Plaintiff's objection that the ALJ failed to follow the treating physician rule in evaluating the opinion of Dr. Muschel is OVERRULED.

3. Dr. Finck's Opinion

Next, Plaintiff argues that the ALJ failed to follow the treating physician rule in evaluating the opinion of Dr. Finck, Plaintiff's treating gastroenterologist. Pl. Obj. at 10–11. In doing so, Plaintiff again sidesteps the R&R. *See generally id.* at 10–12. Having not objected to any finding made by Judge Moses, the Court reviews this objection for clear error and finds none. *See McDonaugh*, 672 F. Supp. 2d at 547.

The ALJ afforded "some" weight to Dr. Fink's opinion that Plaintiff "could 'sit, stand, and walk for up to eight hours each,'" R&R at 36 (quoting Record at 27), but "little" weight to his opinion that Plaintiff needed frequent "bathroom access" because that opinion was not supported by "later reports of record." *Id.* Judge Moses concluded that the ALJ's reasoning for discounting the latter opinion was incorrect. *Id.* at 36 n.22. She concluded, however, that the ALJ did not err in weighing Dr. Fink's opinion because the ALJ's determination that Plaintiff no longer needed regular bathroom access was correct and based on substantial evidence. *Id.* The Court agrees with Judge Moses that the ALJ's determination was supported by substantial evidence, foreclosing further review or modification by this Court. *See* 42 U.S.C. § 405(g) ("The

findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . .").

Accordingly, Plaintiff's objection that the ALJ failed to follow the treating physician rule in evaluating the opinion of Dr. Finck is OVERRULED.

4.   Drs. Gordon and Weissman

"An ALJ who refuses to accord controlling weight to the medical opinion of a treating physician must consider various 'factors' to determine how much weight to give to the opinion." *Halloran*, 362 F.3d at 32 (citation omitted). Plaintiff argues that the ALJ failed to follow the treating physician rule in evaluating the opinions of Drs. Gordon and Weissman, Plaintiff's mental health providers. Pl. Obj. at 12–13. Plaintiff contends that the ALJ did not apply the proper deference warranted to treating specialists who opine on matters directly related to their specialities because the ALJ failed to consider all of the 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2) factors. Pl. Obj. at 13.

Plaintiff raised this same argument before Judge Moses. *Compare* Pl. Mem. at 18, *with* Pl. Obj. at 12–13. Moreover, the objection is aimed at the ALJ's findings, not at the R&R. *See generally* Pl. Obj. at 12–13. The objection, therefore, is reviewed for clear error. *See Wallace*, 2014 WL 2854631, at *1 ("[W]hen a party . . . simply reiterates his original arguments," the court reviews the report and recommendation strictly "for clear error."); *see also Bailey*, 2014 WL 2855041, at *1 ("[O]bjections that are not clearly aimed at particular findings in the [report and recommendation] do not trigger *de novo* review.").

Judge Moses agreed with the ALJ that although Plaintiff's mental status examinations often revealed that she had an anxious or depressed mood, the results were otherwise normal. R&R at 38. Judge Moses also observed that in evaluating the opinion evidence, the ALJ did not

explicitly address every factor listed in 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). The Second Circuit, however, does not require "slavish recitation of each and every factor where the ALJ's reasoning and adherence to the regulation are clear." *Atwater*, 512 F. App'x at 70; *see also Halloran*, 362 F.3d at 31–32 (affirming ALJ opinion which did "not expressly acknowledge the treating physician rule," but where "the substance of the treating physician rule was not traversed."). Judge Moses, therefore, was correct in holding that the ALJ did not violate the treating physician rule where he "provided good reasons and an adequate roadmap for his analysis of the opinion evidence." R&R at 39 (internal quotation marks omitted).

Accordingly, Plaintiff's objection that the ALJ failed to follow the treating physician rule in evaluating the opinions of Drs. Gordon and Weissman is OVERRULED.

### C. The ALJ's Evaluation of Plaintiff's subjective Symptom Testimony

An ALJ is required to "consider an individual's statements about the intensity, persistence, and limiting effects of symptoms," and "evaluate whether the statements are consistent with objective medical evidence and the other evidence." *SSR 16-3P*, 2017 WL 5180304, at *6 (S.S.A. Oct. 25, 2017). The ALJ's assessment of an individual's "subjective complaints" regarding her pain and other symptoms is entitled to substantial deference by a reviewing court. *Rivera v. Berryhill*, 2018 WL 4328203, at *10 (S.D.N.Y. Sept. 11, 2018) (internal quotation marks and citation omitted). A court may not "second-guess" the ALJ's decision to discount a claimant's statements about her symptoms "where the ALJ identified specific record-based reasons for his ruling," *Stanton v. Astrue*, 370 F. App'x 231, 234 (2d Cir. 2010), and where his determination is supported by substantial evidence. *Selian*, 708 F.3d at 417.

Plaintiff contends that the ALJ failed to properly evaluate Plaintiff's subjective symptom testimony. Pl. Obj. at 13–16. In particular, Plaintiff takes issue with the ALJ's conclusion that Plaintiff's daily activities "are not limited to the extent one would expect given" the disabling

symptoms she testified about. Pl. Obj. at 15 (internal quotation marks and citation omitted). Judge Moses held that in arriving at this conclusion, the ALJ "incorrectly interpreted" Plaintiff's prior statements to Dr. Grabon regarding her ability to perform certain activities of daily living, such as cooking and cleaning, as reflecting fewer limitations that she testified to at the hearing. R&R at 33. Judge Moses concluded that notwithstanding the ALJ's incorrect interpretation, the "record supports the ALJ's finding that Plaintiff—who had lived alone for over a year a the time of the hearing—is capable of shopping, taking care of personal hygiene, and cooking (limited to using the microwave), and can drive to her medical appointments and the supermarket." *Id.* (internal citations omitted). Judge Moses further explained that although she "might not have weighed each item of evidence in the same manner as the ALJ, [she] cannot find that [the ALJ] erred in his evaluation of [P]laintiff's subjective symptoms." *Id.*

Because Plaintiff's objection is aimed at the ALJ's ruling, and not at the particular findings of the R&R, the objection is reviewed for clear error. *McDonaugh*, 672 F. Supp. 2d at 547. And because an ALJ's evaluation of a social security claimant's subjective symptoms "is entitled to substantial deference by a reviewing Court," the Court finds no clear error with Judge Moses' holding. *Rivera v. Comm'r of Soc. Sec.*, 368 F. Supp. 3d 626, 645 (S.D.N.Y. 2019), *appeal dismissed* (May 31, 2019).

Accordingly, Plaintiff's objection that the ALJ failed to properly evaluate Plaintiff's subject symptom testimony is OVERRULED.

### D. The ALJ's RFC Assessment

RFC is the most an individual can do despite her limitations. 20 C.F.R. §§ 404.1545, 416.945. "The RFC is considered at step four in determining whether the claimant can perform [her] past work and at step five to determine if the claimant can perform other available work."

13

*Cosnyka v. Colvin*, 576 F. App'x 43, 45 (2d Cir. 2014). "[I]t is the ALJ's prerogative to make an RFC assessment after weighing the evidence and the District Court may not reverse provided there is substantial evidence in the record to support her findings." *Mitchell v. Astrue*, No. 09 Civ. 6301, 2010 WL 3070094, at *5 (W.D.N.Y. Aug. 4, 2010).

Plaintiff claims that the ALJ's RFC assessment was not supported by substantial evidence. Pl. Obj. at 16–18. She argues that the ALJ's RFC finding of "light work" is not "supported by any acceptable medical source opinion in the record." *Id.* at 17 (citation omitted). The Court disagrees.

Because Plaintiff's objections are aimed at the ALJ's findings, and not at findings in the R&R, the Court reviews the R&R for clear error. *See McDonaugh*, 672 F. Supp. 2d at 547. Even if the Court were reviewing *de novo*, however, the Court would uphold the ALJ's decision. As Judge Moses explained, "there is substantial evidence to support the ALJ's [RFC] determination." R&R at 40. "Light" work requires "the ability to lift up to 20 pounds occasionally, lift 10 pounds frequently, stand and walk for up to 6 hours a day, and sit for up to two hours." *Mancuso v. Astrue*, 361 F. App'x 176, 178 (2d Cir. 2010); *see also* 20 C.F.R. § 404.1567. Dr. Finck, one of Plaintiff's treating physicians, opined that Plaintiff "could sit, stand, or walk for up to eight hours in a workday," and Dr. Lavotshkin opined that Plaintiff could "frequently lift and carry up to 10 pounds and occasionally carry up to 20 pounds." R&R at 41 (internal citations omitted). The ALJ also accepted Plaintiff's pain as a limiting factor that precluded heavier work and concluded that further limitations, such as, limiting her to "sedentary" work were not well supported by substantial evidence. *Id.* (internal citations omitted).

As Judge Moses acknowledges, there is some evidence in the record that would support greater limitations than those the ALJ incorporated into the RFC determination. *See id.* Where "the reviewing court finds substantial evidence to support the Commissioner's final decision," however, "that decision must be upheld, even if substantial evidence supporting [Plaintiff's] position also exists." *Johnson v. Astrue*, 563 F. Supp. 2d, 444, 454 (S.D.N.Y. 2008).

Accordingly, Plaintiff's objection that the ALJ's RFC assessment was not supported by substantial evidence is OVERRULED.

## CONCLUSION

For the reasons set forth above, the R&R is ADOPTED in its entirety, the Commissioner's motion for judgment on the pleadings is GRANTED, and Plaintiff's motion is DENIED. The Clerk of Court is directed to terminate the motions at ECF Nos. 16 and 20, and close the case.

SO ORDERED.

Dated: March 30, 2020
       New York, New York

_____
ANALISA TORRES
United States District Judge